**PRIVACY**

Civil Action #:

[Iç111] 8:21 cv 81 o2 cpT

Zach Marzonie

vs.

14400 49th St. North.
Clearwater, FL. 33762

Respectfully Introduceing New Material.
for Federal Courthouse Sam Gibbons.

Motion to Redress The Deprivation of Civil and Constitutional Rights

① I Zachariah Michael Marzonie is and was a Victim of police brutality; on 12-20-2020, by. The excessive force by the officers involved in a investigation, No crime was ever committed by Me Zachariah Michael Marzonie.

② I Zach Marzonie am the only victim in this case. My 4th Amendment was violated. I will be fileing Et EL. Documents with My Public Defender Jenna Fletcher. In fact. I Zachariah Michael Marzonie wish No harm to myself or any-one involved I just want to clarify; and redress the deprivation of my constitutional and civil rights under U.S.C. 1983. Section 1301 and 1303. Respectfully and formally. Tell and or write my side of the story.

③. As a detainee; I've been to advisory court. Were. an objection was interfered by; New Material of the Violation. of My 8th Amendment. Excessive bail shall not be required, nor excessive fines, Zachariah Michael Marzonie. Pays child support. has dependants is employeed. By Joan Gentry Davis who lives at. 7349 VIMERTON Rd. Largo FL. 33771, Phone #813 377-6989. Futhermore. Now Declaration of Damages, for Zachariah Michael Marzonie 4th 7th 8th Amendment rights. As a detainee. If at any time I become sick. physically contract. Covid 19, or any Comunicable disease. Lawsuits will Surface. In et el fashion from the nucleus of this. Police have. used excessive force, Stolen. my body, intellectual properties for the sole right to distribute by not allowing myself or any-other inmate an envelope to redress or tell thier side of the story confidentially by not giveing inmates a stamped envelope to enclose and secure Valuble information. to courts

2. p

④ The witness(s) involved are. Jenna Flether florida Public Defender, Joan Gentry Davis at 7439 ULMERTON Rd. Lot 293 7439 ULMERTON Rd. Largo, FL. 33771, orbits from docket 1852025 Detainee. Zachariah Michael Marzonie. Were I was physcological abused in advisory court for a juvenille record I Zachariah Michael Marzonie Was never convicted of. Further more. This is Malicious and Slanderous. towards Zachariah Marzonie.

⑤ The Objection in the Advisory hearing was and still is the right to an affordable bond; Zachariah Michael Marzonie. 8th Amendment right. I Zachariah Michael Marzonie never Committed a crime.

⑥ 4th Amendment right. Was Violated by Clearwater Police Dept. I Zachariah Michael Marzonie. was a victim of a Crime. infact I Called the police to report my playstation, stolen from 909 Jones St, Clearwater FL. 33755 were it caused serious distress. Aswell as my friends pet. Jax a biegel mix. pedigree, I was pet sitting due to a liable and neglegent. "Waken Alexander." alltimes mentioned in documents written to Joan Gentry Davis' at 7439 ULMERTON Rd, Largo FL. 33971. Who is a leader in the Community and a Sober Member of Alcoholics Anonymous Were I Zachariah Michael Marzonie. Work and attend A.A. and N.A. meetings at rebose, in st. pete, the Warehouse in Dunedin FL, and the Shark coast N.A. Meetings.

⑦ Clearwater P.D. officers were intentionally Coheareing and useing scare tatics and physically abuse to obtain item's taken from Mr. Zachariah Michael Marzonie. 1 a playstation, for an intellectually property to be implimented into a Superfunds account. to a 52 state buisness useing his prized posession. that 64 Impala. guavacita. To be Used in Multiple buisness Ventures. For Tesla Motors, Mnt Dew, Sprite, Monster, energy drink, GMC, CHEVY Not. limiting myself to Multiple sponsorships and or Care from. Comp. Company's and innavate automobile technology's, respectfully.

⑧ Clearwater P.D. failed to Identify, several clear facts and ultimately Violated Mr. Zachariah Michael Marzonie's 4th Amendment. right. 7th Amendment right and Now a Malicious prosecution shall not take place as several wittness's will come to court and be Supeanard. do to the Vagueness of the officers involved; who Beat me.

⑨ G6 is were the inhumane rhetoric, and abuse still continues with. No A.A. Meetings Loud Violent. abusive speach, racial slurs; bugs comeing threw drains. Cracks in the buildings foondation. were raydon detection has never even been attempted. As Zachariah Michael Marzonie. seeks improvement and Quality for his life and others, around him, to improve Society and Community. with inovations and sole right to distribute those Ideas to Charle christ's office

for a court date and noticed paraphenilla and asked him politely; to stop useing drugs while on his phyc meds after he had used my phone that. I was concerned about him and his mental state and his brother that had overdosed 3 months previously. Please know that I Zachariah Michael Marzonie. Never Committed a crime I am only trying to prevent crime, and drug abuse. in Jones Alley! That I offerd help. To the Drug haven occupants at. 204 pennsylvania Ave, 2nd floor, Clearwater. FL-33755, were police department officers should have did a knock and talk, and Identified that Waken Alexander was high and off his med's. instead I was Maliciously verbally abused, punched in the face so hard I fell with my equailibrium and body falling threw my threshold of my home. excessive force and bodily harm did occur as a result. of my arrest from a physch patient. who used my phone to go to a Zoom Meeting as he knew, of his criminal acts Placeing me in danger of the police to use excessive force and brutality. Did occure. Thank-you respectfully for reading this instrument document as Et. El Fashion writeing will produce declaration of damages. As Mr.Marzonie request's a fair bond and or charges draped as, We proceed with Advisory Solaxacey procedure. Hearing.. and wittness's apear, Respectfully Integrally and intellectualy involved, Your friend in Jesus christ.

(10) Mr. Zachariah would like to invite judicial executives to read some of his acknowledgements for fields of work for the sole right to distribute the intellectual propertise such as a material called epoxy threading, to help improve, plumbing, by createing Kinetic Magnetic Quantium electricy for greener cleaner plumbing. Aswell as useing epoxy threading, for a stronger roof and structural integrity for roofing technologies, to place solar panels on for easier repair, Aswell as water reclaimation, for State of Florida to distribute the Epoxy threading from the Port of Miami and Port of Tampa. Zachariah Michael Marzonie has worked on gov. jobs and only wishes to recover from this and the injury's Zachariah Michael Marzonie has sustained, from Clearwater P.D. As Et EL information will be processed to HUD Washingto DC, The White House 1600 Pennsylvania Ave For a Southern State buisness grant. Working with well known politicians and family; Military Personel; and createing 100,000 of Jobs for essential workers. Mr. Zachariah Michael Marzonie prays that, You get this letter and it adds light. As wittness's will be supeanad and a clarity to these terrofying charges, slanderous, prosecutor working to Maliciously prosecute, Mr. Marzonie. After Clearwater P.D. officers offered no Saftey, and Maliciously beat, punched, and handcuffed Mr. Marzonie so hard and tight, he bled. Only for thier amusement. As Waken Alexander was off his physc Meds and useing drugs at, 204 Pennsylvania Ave, Clearwater FL 33755, Were I Zachariah Michael Marzonie let him use my phone.

(12) Pleas. take note the Conditions of this jail can be improved that I writeing with very little light and please excuse my hadd-writeing. that my mind is getting ready for Society. Aswell as epoxy threading material can be used to place on top of the TPO roofing system here at. 14400 49th St North Clearwater, FL. 33762. for structural integrity for lighting and Solar panels My only wish is to be free to provide a Stabil loveing careing enviroment, that is clean and serien, to be happy joyous and free. and for the 4th 7th 8th Amendment. rights be noticed by Sam Gibbon's; And for me to be placed in a stable careing environment were. I am not abused, by officers inmates and can use my mind to it's full potentienal and body, Going to school getting grant funding and speak to a therapist. 2-times a Week.

(13) Respectfully revealing information to add clarity, to the reason why. My "Maranda Rights" were not used is, "cause the Malicous inhumane, Court proceeding in Advisory Court, to delay my freedom and deprive me of my 8th Amendment. to be Maliciously procecuted, and slanderd by a prosecutor. who brought up a juvinile record and physcologically abused. Me, Slanderd my case, Deformed my character at the Advisory hearing, See orbit's on. docket. 1852025 Please Help remedy these violation's

and personal liberty. However Maneka Gandhi v. Union of India[12] marked a watershed in the history of constitutional law and Article 21 assumed a new dimension wherein the Supreme Court for the first time took the view that Article 21 affords protection also against legislation (and not just executive action) and no law can deprive a person of his/her life or personal liberty unless it prescribes a procedure which is reasonable, fair and just it would be for the court to determine whether the procedure is reasonable, fair and just ; if not, it would be struck down as invalid.

In Hussainara Khatoon's case the Apex Court, inter alia, observed that the undertrials languishing in jail were in such a position presumably because no action application for bail had been made on their behalf either because they were not aware of their right to obtain release on bail or on account of their poverty they were unable to furnish bail. The present law of bail thus operates on what has been described as a property oriented approach. Thus the need for a comprehensive and dynamic legal service programme was left in order to revitalize the bail system and make it equitably responsive to needs of poor prisoners and not just the rich.

In the Indian Constitution there is no specifically enumerated constitutional right to legal aid for an accused person. Article 22(1) does provide that no person who is arrested shall be denied the right to consult and to be defended by legal practitioner of his choice, but according to the interpretation placed on this provision by the Supreme Court in Janardhan's case[13] this provision does not carry with it the right to be provided the services of legal practitioners at state cost. Also Article 39-A introduced in 1976 enacts a mandate that the state shall provide free legal service by suitable legislations or schemes or any other way, to ensure that opportunities for justice are not denied to any citizen by reason of economic or other disabilities – this however remains a Directive Principle of State Policy which while laying down an obligation on the State does not lay down an obligation enforceable in Court of law and does not confer a constitutional right on the accused to secure free legal assistance.

However the Supreme Court filled up this constitutional gap through creative judicial interpretation of Article 21 following Maneka Gandhi's case. The Supreme Court held in M.H. Hoskot v. State of Maharashtra[14] and Hussainara Khatoon's case that a procedure which does not make legal services available to an accused person who is too poor to afford a lawyer and who would, therefore go through the trial without legal assistance cannot be regarded as reasonable, fair and just. It is essential ingredient of reasonable, fair and just procedure guaranteed under Article 21 that a prisoner who is to seek his liberation through the court process should have legal services made available to him.

> *The right to* free legal assistance is an essential element of any reasonable, fair and just procedure for a person accused of an offence and it must be held implicit in the guarantee of Article 21.

Thus the Supreme Court spelt out the right to legal aid in criminal proceeding within the language of Article 21 and held that this is....

"a constitutional right of every accused person who is unable to engage a lawyer and secure legal services on account of reasons such as poverty, indigence or incommunicado situation and the State is under a mandate to provide a lawyer to an accused person if the circumstances of the case and the needs of justice so require, provided of course the accused person does not object to the provision of such lawyer."

## RIGHT TO BAIL (SECTION 167(2) CR.P.C) AND DELAY IN INVESTIGATION

With the incorporation of section 167(2) Cr.P.C. the investigating agency is required to complete the job of investigation and file the charge-sheet within the time limit of either 60 or 90 days as the case may be. In case the above is not completed within the definite period a most valuable right accrues to the accused. The accused is, in that eventuality, entitled to be released on bail.

It would be seen that the whole object of providing for a prescribed time limit under section 167(2) Cr.P.C. to the investigation agency to complete the investigation was that the accused should receive expeditions treatments at the hands of the criminal justice system, as it is implicit in Article 21 that every accused has right to an expeditions disposable of his case. Section 167 has been criticized[15] with respect to the fact that the prescribed time limit relates only to the investigation aspect and does not touch other segments of the criminal-justice-system, thus the object (of speedy trial), behind section 167 stands frustrated. Moreover section 167(2) is seen to paradoxically serve as a way of grant of liberty to some dangerous criminals who would otherwise not be able to get it under our system (for example they may not be otherwise entitled to bail by virtue of nature and gravity of offence.) thus the utility of section 167 Cr.P.C. may be thus questioned in the light of above, as to whether it really serves the purpose enshrined in Article 21 of the Constitution, particularly in the light of viewing the criminal justice system as whole not confined solely to investigation- it therefore follows that to achieve the right to speedy trial (as enshrined in section 163(2) Cr.P.C.) it is important to overhaul the system in its entirety and not parts of the system in isolation.

## CONCLUSION

This paper has attempted to explore the various dimensions of the RIGHT TO BAIL within the constitutional framework. It is of prime significance to note that the very concept of bail arises from a presumption, of the accusatorial system, of 'innocent till proven guilty.' As such an *individual's* personal liberty which is a fundamental right under Article 21 of the Constitution, cannot be compromised until he/she is convicted and thus proven guilty. Thus he/she is allowed to furnish